USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/13/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIANQUN LI,<br><br>         Plaintiff,<br><br>-against-<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES,<br><br>         Defendant. | 22-CV-6556 (VEC)<br><br>ORDER ADOPTING REPORT &<br>RECOMMENDATION |

VALERIE CAPRONI, United States District Judge:

  WHEREAS on August 2, 2022, Plaintiff Lianqun Li filed a mandamus action against the United States Citizenship and Immigration Services (the "USCIS") for a determination on her Application to Register or Adjust Status (the "Form I–485"), *see* Compl., Dkt. 1;

  WHEREAS on August 9, 2022, the Court referred this case to Magistrate Judge Sarah Netburn for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, *see* Referral Order, Dkt. 4;

  WHEREAS on April 5, 2023, Defendant moved to dismiss the action for lack of subject matter jurisdiction because the USCIS adjudicated Plaintiff's Form I–485, thus mooting the action, *see* Not. of Mot., Dkt. 25;

  WHEREAS to date, Plaintiff has not opposed the motion;

  WHEREAS on June 20, 2023, Magistrate Judge Netburn entered an R&R recommending that the Court grant Defendant's motion, *see* R&R, Dkt. 31;

  WHEREAS in the R&R, Judge Netburn notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *id.* at 3;

  WHEREAS Judge Netburn further noted that failure to file objections would result in

1

both the waiver of objections and the preclusion of appellate review, *id.*;

WHEREAS no objections were filed by either party;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the well-reasoned R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the R&R is adopted in full and Defendant's motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that because the R&R gave the parties adequate warning, *see* R&R at 3, the failure to file any objections to the R&R precludes appellate review of this decision. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))).

The Clerk of Court is respectfully directed to close the open motion at Docket Entry 25 and to close the case.

**SO ORDERED.**

Date: July 13, 2023
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**